UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY JACKSON,

        Plaintiff,

Case No. 1:25-cv-304

Hon. Paul L. Maloney

v.

MAARTEN VERMAAT,

        Defendant.
_____/

**ORDER TO LIFT STAY, TO RE-OPEN THE CASE,
AND TO REQUIRE PLAINTIFF TO COMPLY
WITH HIS FILNG RESTRICTION**

**I.    Order to lift stay and to re-open the case**

On April 23, 2025, this Court entered an order which stayed and administratively closed this case pending plaintiff's petition for writ of mandamus and appeal filed with the Sixth Circuit Court of Appeals (Case Nos. 25-1289 and 25-1294). *See* Order (ECF No. 9). The Sixth Circuit has dismissed both the petition and the appeal. *See* Order dismissing petition (ECF No. 12); Order dismissing appeal (ECF No. 10). Accordingly, **IT IS ORDERED** that the stay is **LIFTED** and that this case is **RE-OPENED**.

**II.    Order to require plaintiff to comply with his filing restriction**

Plaintiff did not pay a filing fee. Rather, plaintiff applied to proceed *in forma pauperis* in this Court (*see* ECF No. 2). Proceeding *in forma pauperis* is a privilege that the Court may grant to indigent litigants. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). "The decision

1

to grant or deny an application to proceed in forma pauperis lies within the sound discretion of the district court." *Flippin v. Coburn*, 107 Fed. Appx. 520, 521 (6th Cir. 2004).

Plaintiff has a history of filing frivolous lawsuits in this Court. For that reason, the Court placed a filing restriction on plaintiff requiring that he "must prepay all future filing fees unless he obtains a signature from a licensed attorney admitted to the Western District of Michigan certifying that Jackson's complaint is not frivolous, malicious, or brought for an improper purpose." *Jackson v. U.S. Government*, 1:25-cv196, 2025 WL 917920 at *1 (W.D. Mich. March 26, 2025).

In an order entered on April 2, 2025, the Court advised plaintiff of this filing restriction and gave him 14 days to comply by either submitting payment of the filing fee or filing the required attorney's certification. The Court further advised plaintiff that his failure to comply with this Court's Order will result in dismissal of this case. *See* Order (ECF No. 8). However, the Court did not address the filing restriction due to plaintiff's filing the petition and appeal with the Sixth Circuit Court of Appeals and this Court's order to stay and administratively close the case.

Now that this case is re-opened, plaintiff cannot proceed until he complies with the filing restriction. Accordingly, **IT IS ORDERED** that **within 14 days of entry of this Order, plaintiff shall either submit payment of the filing fee or file the required attorney's certification. Failure to comply with this Court's Order will result in dismissal of this case**.

Dated: October 24, 2025                    /s/ Ray Kent
                                           RAY KENT
                                           United States Magistrate Judge

2